# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 16-1038** (Monroe County 16-F-17)

**Charles Gary Adams Jr.,**
**Defendant Below, Petitioner**

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Charles Gary Adams Jr., by counsel John C. Anderson II, appeals the Circuit Court of Monroe County's October 5, 2016, order sentencing him following his convictions for malicious assault, second offense domestic assault, and destruction of property. Respondent State of West Virginia, by counsel Sarah B. Massey, filed a response. On appeal, petitioner contends that the circuit court erred in failing to grant his motion for a change of venue and motion for post-verdict judgment of acquittal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On the evening of January 27, 2016, petitioner beat Steven Wickline, the manager of The Station, a convenience store. Petitioner was subsequently indicted on one count of malicious assault, one count of destruction of property, and one count of second offense domestic assault.[1] Prior to his trial, petitioner moved for a change of venue. Petitioner argued that he had been named in "at least three felony indictments in Monroe County[;]" that Monroe County has a small population; and that the incident giving rise to his current charges took place adjacent to the courthouse, sheriff's office, and other businesses. Thus, petitioner argued that, due to the likelihood that residents had seen his name listed among those indicted or heard stories about the incident, he would be unable to obtain a fair and impartial trial. At the pretrial hearing, the circuit court denied petitioner's motion for a change of venue, and the matter proceeded to trial.

The evidence at trial showed that, on January 27, 2016, petitioner picked up his ex-girlfriend from work and drove to The Station to pick up some beer. The Station's cashier

---

[1]The domestic assault charge did not arise as a result of petitioner's actions toward Mr. Wickline; rather, it arose as a result of petitioner's actions toward his ex-girlfriend, whom he was with on January 27, 2016.

testified that the conversation between petitioner and his ex-girlfriend once they entered the store was "aggressive" and "stern." Mr. Wickline similarly recounted that the conversation "didn't sound very nice." After paying for his beer, petitioner later left The Station, but his ex-girlfriend remained behind to call her mother to be picked up. Petitioner, however, returned for his ex-girlfriend. Mr. Wickline testified that petitioner, in returning to the store, "slammed on the brakes as hard as he could on his vehicle. Then when he entered, that is probably the hardest I ever seen that door ever open in that store." Once petitioner re-entered The Station, petitioner's ex-girlfriend ran away through the front door, and Mr. Wickline asked petitioner to leave. The Station's cashier testified that, at that point, petitioner "started fisting, swinging him down everywhere. And then punching went to not only kicking, but stomping on his face[.]" The cashier testified that petitioner punched, stomped, and kicked Mr. Wickline more than once and that Mr. Wickline was unable to fight back. Mr. Wickline also testified that petitioner hit and kicked him repeatedly and that the altercation ended only after petitioner kicked him in the face. Once petitioner had finished striking Mr. Wickline, he pushed over a candy cart and exited the store.

The cashier called 911 during the attack. Law enforcement arrived to The Station and took pictures of Mr. Wickline's injuries, which were shown to the jury. The pictures documented a black eye, swelling, bruising, a bloody nose, and cuts. Mr. Wickline's right eye was almost swollen shut. The beating was also captured by The Station's security cameras, enabling the jury to view video of the attack.

Dr. Shawn Johnson, an emergency room physician, evaluated Mr. Wickline's injuries. Dr. Johnson observed that Mr. Wickline had "severe" abrasions, bruising, swelling, and "what appeared to be a deformity on the forehead." Mr. Wickline also suffered a vitreous hemorrhage, which Dr. Johnson described as blood within a portion of the eye that does not ordinarily contain blood.

Following the presentation of evidence and jury deliberations, the jury returned a verdict of guilty of all three counts. Petitioner filed a "Motion for Post-Verdict Judgment of Acquittal" arguing that the evidence at trial was insufficient to sustain a conviction of malicious assault because he did not possess the requisite intent to "maim, disable, disfigure or kill." The circuit court denied this motion and sentenced petitioner by order entered on October 5, 2016. It is from this order that petitioner appeals.

On appeal, petitioner first assigns error to the circuit court's denial of his motion for a change of venue. Petitioner argues that his motion should have been granted because he had been the subject of three separate indictments, "all of which [were] publicized in the local newspaper," and because he "has a very bad reputation in the relatively small town of Union, West Virginia." Petitioner asserts that these facts "undoubtedly prevent[ed] him from receiving a fair trial."

We have held that

[t]o warrant a change of venue in a criminal case, there must be a showing of good cause therefor, the burden of which rests upon defendant[.] The good cause aforesaid must exist at the time application for a change of venue is made.

Whether, on the showing made, a change of venue will be ordered, rests in the sound discretion of the trial court; and its ruling thereon will not be disturbed, unless it clearly appears that the discretion aforesaid has been abused.

Syl. Pt. 2, in part, *State v. Wooldridge*, 129 W.Va. 448, 40 S.E.2d 899 (1946).

We find no abuse of discretion in the circuit court's conclusion that petitioner failed to carry this burden. Petitioner provided no evidence in support of his assertion that it was likely residents knew he had been indicted or had heard stories about him or the incident. Petitioner failed to offer a single newspaper clipping or any evidence of possible negative opinions held by residents. Even if he had, however, we have also held that "[w]idespread publicity, of itself, does not require change of venue, and neither does proof that prejudice exists against an accused, unless it appears that the prejudice against him is so great that he cannot get a fair trial." Syl. Pt. 1, *State v. Gangwer*, 169 W.Va. 177, 286 S.E.2d 389 (1982). Because petitioner failed to offer any proof of prejudice, let alone prejudice so great he could not obtain a fair trial, we find no error in the circuit court's denial of petitioner's motion for a change of venue.

Petitioner's second assignment of error is that the circuit court erred in denying his motion for post-verdict judgment of acquittal. Petitioner argues that the evidence was insufficient to sustain his conviction of malicious assault because he lacked the requisite intent.[2] Petitioner claims that he had no intention of harming Mr. Wickline when he returned to The Station and that he "lost control of his anger . . . before he could form the requisite intent."[3]

"The Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (citation omitted). Further, with regard to the sufficiency of the evidence presented at trial, this Court has held that

[t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

---

[2]Malicious assault is committed when "any person maliciously shoots, stabs, cuts or wounds any person, or by any means cause[s] him or her bodily injury *with intent to maim, disfigure, disable or kill*[.]" W.Va. Code § 61-2-9(a) (emphasis added).

[3]Petitioner also contends that Mr. Wickline's injuries were not serious enough to sustain a conviction for malicious assault. This argument was not presented in petitioner's "Motion for Post-Verdict Judgment of Acquittal." Accordingly, we decline to address this argument raised for the first time on appeal. *See State v. Hughes*, 225 W.Va. 218, 230, 691 S.E.2d 813, 825 (2010) ("Our law is clear in holding that, as a general rule, we will not pass upon an issue raised for the first time on appeal.")

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Further,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part.

In this case, the jury heard testimony that petitioner repeatedly hit, kicked, and stomped on Mr. Wickline, including on his head. The jury also saw video of the beating, pictures of its aftermath, and Mr. Wickline's medical records. Viewing this evidence in the light most favorable to the State, we find that there was sufficient evidence from which the jury could find that petitioner possessed the requisite intent to sustain the malicious assault conviction. We, therefore, find no error in the circuit court's denial of petitioner's motion for post-verdict judgment of acquittal based on the sufficiency of this evidence.

For the foregoing reasons, the circuit court's October 5, 2016, order sentencing petitioner is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker